(39 Misc. Rep. 110.)

PEOPLE ex rel. KRONCKE v. O'BRIEN, Sheriff.

(Supreme Court, Special Term, New York County. October, 1902.)

1. CIVIL CONTEMPT—PUNISHMENT.
    Where a son was directed, under provisions of Code Cr. Proc. § 915,
    to support his mother by the court of general sessions of the peace, and
    disobeyed the order, it was a civil, and not a criminal, contempt, so that
    a punishment by imprisonment exceeding 30 days was justified under
    Code Civ. Proc. § 2285, authorizing imprisonment for a term not exceed-
    ing 6 months.

Application by the people, on the relation of Nicholas Kroncke,
against William J. O'Brien, sheriff, for a writ of habeas corpus. Writ
dismissed.

W. H. Mellor, for relator.
George L. Rives, Corp. Counsel, for respondent.

STECKLER, J. Under section 915 of the Code of Criminal Pro-
cedure, the relator, in a proceeding instituted in the court of general
sessions by the commissioner of charities on the complaint of relator's
mother, was fined $35 for contempt in failing to comply with the
order of the court directing him to support his mother, and committed
to the common jail, there to remain until payment of the fine, or un-
til sooner discharged. The relator was incarcerated September 8th
last, and his discharge is now sought by habeas corpus on the theory
that the contempt of which he was guilty is a criminal contempt, and
that, as the maximum period of imprisonment for such a contempt,
being 30 days in this case, has expired, he is entitled to his liberty.
The relator's counsel seems to contend that, because a court of crim-
inal jurisdiction adjudged the prisoner's offense a contempt, such
contempt must necessarily be a criminal one. In this, I think, he is
in error. Respecting disobedience to the orders of a court of record,
the sole difference between a criminal and a civil contempt appears
to be that a willful disobedience is a criminal contempt, while a mere-

¶ 1. See Contempt, vol. 10, Cent. Dig. §§ 4, 124.

disobedience by which the right of a party is defeated or hindered is a civil contempt. People v. Dwyer, 90 N. Y. 407. The order authorizing the prisoner's commitment does not show his willful disobedience to the court's mandate. On the contrary, the order recites a mere violation of the mandate, and that his disobedience actually did defeat, impair, impede, and prejudice the rights and remedies of the commissioner of charities. If the relator is right in his contention, then a criminal court of record could never punish for any contempts except criminal contempts. Although the proceeding in which the mandate was issued was a special proceeding of a criminal nature (Code Cr. Proc. pt. 4, tit. 8), the proceeding to punish for contempt was not necessarily a criminal proceeding (see Id., c. 17; tit. 3; People v. Dwyer, supra); and, as the relator was fined merely the amount due for his mother's support, and the maximum period of imprisonment for civil contempts has not expired (Code, § 2285), the writ must be dismissed, and the prisoner remanded.

Writ dismissed, and prisoner remanded.